Spear, C. J.
The ground on which the motion to strike off the bill of exceptions was sustained was that there was no journal entry of the common pleas making, or directing that the bill of exceptions be, a part of the record. Whether this action of the circuit court was or not erroneous is the sole question in the case. Plaintiff in error contends that, whatever may have been the rule with respect to the necessity of a journal entry making a bill of exceptions a part of the record prior to the passage of the act of October 22,1902 ,(96 O. L., 16), the true intent o.f that act is to make such journal entry unnecessary, while the contention of the defendant in error is that no change in the particular named was made by that enactment.
*297 The history of legislation in this state has been a tortuous one with respect to the perfecting of bills of exceptions, and it is not at all to be wondered at that confusion has arisen among legal gentlemen and that courts have differed in their construction t of these statutes; nor is it probable that any solution now offered will prove satisfactory to all the con-. testants. However, the members of this court, while recognizing that fair argument may be made on both sides of the contention, have encountered no insurmountable difficulty in disposing of the question presented by the record in this case, and have reached a conclusion with which they are reasonably satisfied.
It would not be a judicious use of space to here discuss the reasons for the rule stated in a number of decisions of this court to the effect that, under the statute as it existed prior to the act named, a journal entry ordering the bill to be made a part of the record was necessary in order to make it the duty of a reviewing court to pass upon the alleged errors shown by the bill. It may, however, not be out of place to briefly refer to the statute which has been regarded as having application to the perfecting of. such bills. Such reference will show, we think, that the statute bearing on this precise matter has been, until the passage of the act cited, substantially the same for nearly a century. It will appear also by reference to the reports, that the decisions of this court, with a solitary exception, have been uniform in holding that a journal entry making the bill a part of the record was essential to its sufficiency in a reviewing court. We think, also, that the understanding and practice of the careful lawyers throughout the state has been in accord with this *298 current of decision. The first practice act to which we call attention is the act entitled “An act to organize the judicial courts, and regulate their practice,” passed February 23,1816, 14 O. L., 310. That act provides for the signing and sealing of the bill •of exceptions in order that the same may, “if such party desire it, be made a part of the record in such suit, if the same suit should be taken by writ of •error to a superior court.” With phraseology somewhat changed the provision has been preserved in meaning through the varióus amendments of the •statute down to and including the act of April 16, 1900 (94 O. L., 398), where, in an amendment to section 5302 of the Revised Statutes, it is phrased thus': “The bill of exceptions shall be filed with the pleadings, and, if the party filing the same shall request it, made a party of the record, but not spread upon the journals. The decisions of this court referred to which hold that the provision of statute requires thát the bill be ordered to be made a part of the record, some by direct language and others by inference, are: Hosmer v. Williams, Wright, 355; Baldwin v. The State, 6 Ohio, 15, and note; Acheson- v. Bank, 8 Ohio, 117; Black v. George, 26 Ohio St., 631; Burk v. Railway, same volume, 643; Hill v. Bassett, 27 Ohio St., 597; Potter v. Meyers, 31 Ohio St., 103; Fetch, Assignee, v. Hodgman Mfg. Co., 62 Ohio St., 312; Rubber Co. v. Midland Mfg. Co., 63 Ohio St., 66. These decisions rest upon the proposition that a bill of exceptions, to be effective, must be made a part of the record, and that it is not a part of the record unless expressly made so by an order of the court, giving effect to the motion or request of the •excepting party, and that such order is properly evidenced by an entry on the journal. That this *299 construction .was generally, if not universally, accepted and followed in practice is shown by the Ohio text books upon the subject of forms of journal entries. See Wilcox Ohio Forms and Practice, 413; 2 Nash’s Pleadings and Practice, 1037: 2 Bates’ Pleadings, etc., 1009; Wild’s Journal Entries, 91; Whittaker’s Annotated Code, 241; Kinkead’s Instructions and Entries, 589; Winch & Hinman’s Journal Entries, 125. Each one of these learned authors approves a form embodying such order.
The purpose of this retrospect is to enforce attention upon the precise statute which has been regarded as applying to the authentication of bills of exceptions, and to avoid misleading impressions because of other sections of the statute not relating to the subject of such authentication. Section 5334, as amended April 21, 1890 (87 O. L., 236), by which it is enacted that: “The bill of exceptions shall be filed with the pleadings and papers, but not recorded unless the court for good reasons shall so order,” is cited and it is urged that it has an important bearing upon the question in this case. We think not, The amendment, if it has any force, but recognizes a rule already sufficiently established; it does not enact a new rule. Indeed it was extraneous to the real purpose and intent of the section as it stood prior to the amendment and appears to be simply an incongruous and wholly useless and mystifying addition to what before was clear, consistent and harmonious.
Having shown, as we think, that the decisions hereinbefore referred to were grounded upon the language of the original practice act, traced down to and made a part of section 5302 of the Revised Statutes, we inquire as to the effect of the amendment *300 of October 22, 1902, upon the clause of this section under review. That clause, say the decisions, means that the bill shall not be regarded by a reviewing court as part of the record and thus presenting the alleged errors shown by the bill unless, in carrying out the request of the excepting party, the trial court has so ordered by an entry on the journal. That is to say, the clause referred to is the provision of the statute, and the only provision, which makes it necessary for the bill to become a part of the record. Now, section 5302, as it stood before the passage of the act of October 22, 1902, is by that act repealed, and we must look to the amendment then adopted for an expression of the legislative will upon the subject. We find that the amendment provides only:. “ Sec. 5302. It shall not be necessary to cause an entry to be made upon the journal of the court of the settling, allowance and signing of any bill of exceptions; but the signature of the trial judge, or other judge mentioned in section 5301a allowing, settling and signing such bill, shall be sufficient evidence of such fact.” Not a syllable respecting the necessity for making the bill a part of the record. This implies, as we think, a purpose to eliminate that requirement entirely, and with that eliminated, the previous decisions giving effect to this clause appear to have no bearing upon the question in this case.
How, then, is the matter left? What must the reviewing court have before it in order to justify consideration of the errors complained of in the bill? Now, it is true that jurisdiction to reverse or modify is, by section 6710, Revised Statutes, “for errors appearing on the record,” but this section does not undertake to point out what, for the purpose of re *301 view, is to be treated as part of the record. For this information we go to section 6716, where the question is specifically answered in this language: “The plaintiff in error shall file with his petition either a transcript of the final record, or a transcript of the docket or journal entries, with such original papers or transcripts thereof as are necessary to ■exhibit the error complained of.” Having provided, therefore, by the amendment to section 5302, that the authentication as to the settling, allowance and signing of the bill, is sufficiently attested by the signature of the trial judge, and by the preceding sections for the filing of the same by the clerk, we think it follows, at least as clearly as legislative intent is usually expressed in our statutes, that it was the intent of the legislature that a bill perfected in the manner pointed out by these sections, and filed, should become, within the meaning of section 6716, an original paper in the case “necessary to exhibit the errors complained of,” and properly a part of that which the reviewing court may review, and that a journal entry making the bill a part of the record is therefore no longer necessary.
Giving, effect to that conclusion the judgment of the circuit court will be. reversed and the cause remanded to that court with direction to consider the bill of exceptions, and for further proceedings according to law.
Davis, Shauck, Price, Crew and Summers, JJ., concur. '